IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

WELLS FARGO BANK, N.A.,                           :    CIVIL ACTION
                                                  :    NO. 16-CV-09268
                        Plaintiff,                :
                                                  :    SIEMENS ANSWER TO
        v.                                        :    PLAINTIFF'S AMENDED
                                                  :    COMPLAINT AND DEMAND
STULZ AIR TECHNOLOGY SYSTEMS, INC.,               :    FOR A JURY TRIAL
SIEMENS INDUSTRY, INC. BUILDING                   :
TECHNOLOGIES DIVISION, PIERPONT                   :
MECHANICAL CORP. and ADCO ELECTRICAL              :
CORPORATION,                                      :
                                                  :
                        Defendants.               :

------------------------------------------------------------------------ x

        COMES NOW Defendant **SIEMENS INDUSTRY, INC.** (hereinafter, "Siemens"), by and

through undersigned counsel, and answers plaintiff's Amended Complaint based upon information

and belief:

1.  Defendant Siemens denies knowledge or information sufficient to form a belief as to the

    truth of the allegations contained in Paragraphs 1 through 3, 5, 6, 9 through 11, 14 through

    16, 19, and 20 of the plaintiff's Amended Complaint.

2.  Defendant Siemens denies the allegations contained in Paragraph 4 of the plaintiff's

    Amended Complaint and asserts that it is a Delaware Corporation with its principal places

    of business in Illinois and Georgia.

3.  Defendant Siemens admits it entered an agreement with co-defendant Pierpont and that

    agreement speaks for itself. Defendant Siemens denies the rest of the allegation contained

    in Paragraph 17 of plaintiff's Amended Complaint and refers all issues of law to this

    honorable court.

4. Defendant Siemens admits it entered an agreement with co-defendant Adco and that agreement speaks for itself. Defendant Siemens denies the rest of the allegation contained in Paragraph 18 of plaintiff's Amended Complaint and refers all issues of law to this honorable court.

5. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and 8 of the plaintiff's Amended Complaint and refers all issues of law to this honorable court.

6. Defendant Siemens denies the allegations contained in Paragraphs 12, 13, 21, and 22 of the plaintiff's Amended Complaint.

## COUNT I

7. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 22 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 23 of the Amended Complaint.

8. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 24 through 29 of the plaintiff's Amended Complaint.

9. Defendant Siemens denies the allegations contained in Paragraph 30 of the plaintiff's Amended Complaint.

## COUNT II

10. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 30 of the plaintiff's Amended Complaint

with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 31 of the Amended Complaint.

11. Defendant Siemens admits it entered an agreement with co-defendant Pierpont and that agreement speaks for itself. Defendant Siemens denies the rest of the allegation contained in Paragraph 36 of plaintiff's Amended Complaint and refers all issues of law to this honorable court.

12. Defendant Siemens denies the allegations contained in Paragraphs 32 through 35 of the plaintiff's Amended Complaint and refers all issues of law to this honorable court.

13. Defendant Siemens denies the allegations contained in Paragraphs 37 and 38 of the plaintiff's Amended Complaint.

## COUNT III

14. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 38 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 39 of the Amended Complaint.

15. Defendant Siemens admits it entered an agreement with co-defendant Adco and that agreement speaks for itself. Defendant Siemens denies the rest of the allegation contained in Paragraph 44 of plaintiff's Amended Complaint and refers all issues of law to this honorable court.

16. Defendant Siemens denies the allegations contained in Paragraphs 40 through 43 of the plaintiff's Amended Complaint and refers all issues of law to this honorable court.

17. Defendant Siemens denies the allegations contained in Paragraphs 45 and 46 of the plaintiff's Amended Complaint.

3

## COUNT IV

18. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 46 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 47 of the Amended Complaint.

19. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 48 through 55 of the plaintiff's Amended Complaint.

20. Defendant Siemens denies the allegations contained in Paragraph 56 of the plaintiff's Amended Complaint.

## COUNT V

21. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 56 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 57 of the Amended Complaint.

22. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 58 and 59 of the plaintiff's Amended Complaint.

23. Defendant Siemens denies the allegations contained in Paragraph 60 of the plaintiff's Amended Complaint.

## COUNT VI

24. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 60 of the plaintiff's Amended Complaint

4

with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 61 of the Amended Complaint.

25. Defendant Siemens denies the allegations contained in Paragraph 62 of the plaintiff's Amended Complaint and refers all issues of law to this honorable court.

26. Defendant Siemens denies the allegations contained in Paragraphs 63 and 64 of the plaintiff's Amended Complaint.

## COUNT VII

27. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 64 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 65 of the Amended Complaint.

28. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 66 and 67 of the plaintiff's Amended Complaint.

29. Defendant Siemens denies the allegations contained in Paragraph 68 of the plaintiff's Amended Complaint.

## COUNT VIII

30. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 68 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 69 of the Amended Complaint.

5

31. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 70 and 71 of the plaintiff's Amended Complaint.

32. Defendant Siemens denies the allegations contained in Paragraph 72 of the plaintiff's Amended Complaint.

## COUNT IX

33. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 72 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 73 of the Amended Complaint.

34. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 74 through 81 of the plaintiff's Amended Complaint.

35. Defendant Siemens denies the allegations contained in Paragraph 82 of the plaintiff's Amended Complaint.

## COUNT X

36. Defendant Siemens repeats, reiterates and realleges each and every response to the allegations contained in Paragraphs 1 through 82 of the plaintiff's Amended Complaint with the same force and effect as repeated herein at length to the allegations asserted in Paragraph 83 of the Amended Complaint.

37. Defendant Siemens denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 84 through 89 of the plaintiff's Amended Complaint.

38. Defendant Siemens denies the allegations contained in Paragraph 90 of the plaintiff's Amended Complaint.

39. Paragraph 91 is a demand for a jury trial and Siemens joins in the demand. To the extent plaintiff is making a claim in Paragraph 91, Siemens denies the allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of parties over which this answering defendant had no control or right to exercise such control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If plaintiffs sustained any damages, there were intervening causes, which led to such injuries or damages and, as such, any act on the part of this defendant was not the proximate cause of plaintiffs' injuries or damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The proximate and/or contributing causes of the plaintiffs' alleged damages were acts of negligence by the plaintiffs and/or parties other than the answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers judgment against this defendant, in whole or in part, for injuries allegedly sustained by the plaintiffs, this defendant is entitled, pursuant to Section 4545 of the New York Civil Practice Laws and Rules, to set-off or reduce any damages awarded for

economic loss, and for any such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part from any collateral source including, but not limited to, insurance.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages alleged to have been sustained by the plaintiffs were caused in whole or in part by the culpable conduct of the plaintiffs or other parties without any culpable conduct on the part of this answering defendant and, therefore, the amount of damages, in any, recovered by the plaintiffs should be reduced pursuant to Article 14, Article 14-A and Article 16 of the New York Civil Practice Laws and Rules in the proportion to which the culpable conduct attributed to the plaintiffs or others bears to the culpable conduct which caused said purported damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable statute of frauds as provided in UCC 2-201.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to give proper and prompt notice of any alleged breach of warranty to the answering defendant and, any claims based on breach of warranty are barred according to the provisions of UCC 2-607.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Any claims based on the implied warranty of merchantability are barred under the terms of the agreement between the parties, in which such warranties were disclaimed.

8

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any claims based on the implied warranty of fitness for particular purpose are barred under the terms of the agreement between the parties, in which such warranties were disclaimed.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Any claims for consequential or incidental damages are barred under the terms of the agreement between the parties, in which claims for such damages were excluded.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The parties agreed that any remedy for breach of warranty would be limited to the exclusive remedy provided in the agreement, and any claim for any other or additional remedy is therefore barred.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Appropriate notice and an opportunity to cure any defect in the goods were not afforded to this defendant.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff has waived its claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The defendant has paid plaintiff all amounts that are properly due for damage sustained as a result of the incidents alleged in the Complaint.

### FIRST CROSS-CLAIM AGAINST STULZ AIR TECHNOLOGY SYSTEMS, INC., PIERPONT MECHANICAL CORP. and ADCO ELECTRICAL CORPORATION

1.      Upon information and belief, if the plaintiffs sustained injuries or damages as alleged in the Amended Complaint by reason other than the plaintiff's own carelessness, recklessness, or negligence, then such injuries or damages were sustained by reason of the

carelessness, recklessness and negligence of defendants Stulz Air Technology Systems, Inc., Pierpont Mechanical Corp. and ADCO Electrical Corporation.

2.      Upon information and belief, if the plaintiffs sustained damages as alleged in the Amended Complaint by reason of fault other than his own, and judgment is recovered against this answering defendant, then the liability of this answering defendant will have been brought about by reason of the primary carelessness and negligence of defendants Stulz Air Technology Systems, Inc., Pierpont Mechanical Corp. And ADCO Electrical Corporation without any such carelessness or negligence on the part of this answering defendant, who will be thereby entitled to common law indemnity and/or contribution for all or part of such judgment from defendants Stulz Air Technology Systems, Inc., Pierpont Mechanical Corp. and ADCO Electrical Corporation in such amounts as shall be ultimately determined at the trial of this action.

3.      Upon information and belief, by reason of the foregoing, if the plaintiffs recover against this answering defendant, then this answering defendant will be entitled to be indemnified and will be entitled to an apportionment of responsibility for damages between the co-defendants and will be entitled to recover the amount of any judgment from defendants Stulz Air Technology Systems, Inc., Pierpont Mechanical Corp. and ADCO Electrical Corporation except for its proportionate share commensurate with the respective degrees of negligence of any judgment which might be awarded to the plaintiff.

## SECOND CROSS-CLAIM AGAINST ADCO ELECTRICAL CORPORATION

1.      Upon information and belief, prior to the date of the occurrence alleged in the Amended Complaint, defendant ADCO Electrical Corporation entered into agreements with defendant Siemens Industry, Inc.

10

2.    That in said agreements, defendant ADCO Electrical Corporation agreed to indemnify and hold Siemens Industry, Inc.  harmless from and against any and all claims and demands for, or in connection with any action, injury or demand whatsoever concerning any person or property arising directly or indirectly on said premises.

3.    That said agreements were in full force and effect on the date of the accident as alleged in plaintiffs' Amended Complaint.

4.    That defendant Siemens is entitled to be indemnified and held harmless by ADCO Electrical Corporation for the claim and suit of plaintiffs herein.

5.    That although defendant Siemens denies the allegations of plaintiff with respect to any culpable conduct by reason of carelessness, recklessness, acts, omissions, negligence and/or breaches of contract and/or duty and/or obligation and/or statute and/or warranty and/or strict liability and/or nuisance and/or trespass on the part of defendant Siemens, nevertheless, in the event there is a judgment in favor of plaintiff, then and in that event defendant Siemens demands judgment over and against defendants ADCO Electrical Corporation by reason of the sole carelessness, recklessness, acts, omissions, negligence and/or breaches of contract and/or duty and/or obligation and/or statute and/or warranty and/or strict liability and/or nuisance and/or trespass in fact and/or implied in law by defendants ADCO Electrical Corporation herein, in which event defendant Siemens would be entitled to judgment over and against defendants ADCO Electrical Corporation for all or so much of any judgment as may be rendered; or, if it be found that the said injuries and/or damages were occasioned through the combined carelessness, recklessness, acts, omissions, negligence and/or breaches of contract and/or duty and/or obligation and/or statute and/or warranty and/or strict liability and/or nuisance and/or trespass of all defendants, then defendant Siemens would be entitled on the basis of all of the facts and the law,

11

to an adjudication of the comparative negligence/culpable conduct or relative responsibilities of all or some of said parties, as the case may be and upon such adjudication to an apportionment of damages in accordance with such findings, be same pursuant to common law or statute, and said parties will be liable over jointly and severally to defendant Siemens and to fully indemnify and hold defendant Siemens harmless for the full or apportioned amount of any judgment herein recovered against defendant Siemens in this action, including all costs of investigation, disbursements, expenses and attorney fees incurred in the defense of this action.

## THIRD CROSS-CLAIM AGAINST ADCO ELECTRICAL CORPORATION

1.    Upon information and belief, prior to the date of the occurrence alleged in the Amended Complaint, defendant ADCO Electrical Corporation entered into agreements with defendant Siemens wherein ADCO would purchase insurance that names Siemens as an additional insured under ADCO's insurance policies.

2.    That said agreements were in full force and effect on the date of the accident as alleged in plaintiff's Amended Complaint.

3.    That defendant Siemens is entitled to damages for defendant ADCO's failure to purchase insurance making Siemens an additional insured under the insurance policies.

**WHEREFORE,** Defendant Siemens demands judgment dismissing the plaintiff's Amended Complaint, together with its costs and disbursements of this action, including reasonable attorney's fees, and further demands that the ultimate rights of this answering defendant be determined in this action, and that this answering defendant have judgment over and against co-defendants Stulz Air Technology Systems, Inc., Pierpont Mechanical Corp. And ADCO Electrical Corporation for all or a part of any verdict or judgment which may be obtained herein by plaintiff against this answering defendant, together with the costs and disbursements of this action.

## DEMAND FOR JURY TRIAL

Siemens demands a jury trial with the maximum number of jurors permitted by law.

Dated: Purchase, New York
January 18, 2017

Respectfully submitted,

LITTLETON JOYCE UGHETTA PARK & KELLY LLP

By:_____
　　Bruce Ainbinder (BA8580)
Attorneys for Defendant Siemens Industry, Inc.
The Centre at Purchase
Four Manhattanville Road, Suite 202
Purchase, New York 10577
Tel. (914) 417-3400
Our File No.: 00965.00866

TO:　MINTZER SAROWITZ ZERIS LEDVA & MEYERS, LLP
　　　Attorney for Plaintiffs
　　　39 Broadway, Suite 950
　　　New York, New York 10006
　　　212-968-8300

　　　STULZ AIR TECHNOLOGY SYSTEMS, INC.
　　　1572 Tilco Drive
　　　Frederick, Maryland 21704

　　　PIERPONT MECHANICAL CORP.
　　　58-33 57th Drive
　　　Maspath, New York 11378

　　　ADCO ELECTRICAL CORPORATION
　　　201 Edward Curry Ave., 3rd Floor
　　　Staten Island, New York 10314

13