UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WELLS FARGO BANK, N.A.,                           Civil Action No.: 16-cv-09268

                                    Plaintiff(s),      **VERIFIED ANSWER TO
                                                       PLAINTIFF'S AMENDED
        -against-                                      COMPLAINT WITH
                                                       CROSS-CLAIM**
STULZ AIR TECHNOLOGY SYSTEMS, INC.,
SIEMENS INDUSTRY, INC., BUILDING
TECNOLOGIES DIVISION, PIERPONT MECHANICAL
CORP. and ADCO ELECTRICAL CORPORATION,

                                    Defendant(s).
------------------------------------------------------------------------X

        Defendant, STULZ AIR TECHNOLOGY SYSTEMS, INC., by CARTAFALSA,

SLATTERY, TURPIN & LENOFF, its attorneys, answering the plaintiff's amended

complaint herein, respectfully shows to the Court, upon information and belief, the

following:

        FIRST:  Defendant denies any knowledge or information sufficient to form a

belief as to any of the allegations contained in paragraphs of plaintiff's amended

complaint numbered and designated as 1, 2, 4, 5, 6, 9, 10, 11, 12, 13, 16, 17, 18 and

21.

        SECOND:  Defendant denies each and every allegation contained in paragraphs

of plaintiff's amended complaint numbered and designated as 19, 20 and 22.

### ANSWERING A FIRST CAUSE OF ACTION

        THIRD:  In answer to paragraph 23, defendant repeats and reiterates each and

every answer made to paragraphs 1 to 22 inclusive, with the same force and effect as

though set forth herein once again at length.

FOURTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's amended complaint numbered and designated as 24, 25, 26, 27, 28 and 29.

FIFTH: Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 30.

## ANSWERING A SECOND CAUSE OF ACTION

SIXTH: In answer to paragraph 31, defendant repeats and reiterates each and every answer made to paragraphs 1 to 30 inclusive, with the same force and effect as though set forth herein once again at length.

SEVENTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's amended complaint numbered and designated as 32, 33, 34, 35, 36 and 37.

EIGHTH: Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 38.

## ANSWERING A THIRD CAUSE OF ACTION

NINTH: In answer to paragraph 39, defendant repeats and reiterates each and every answer made to paragraphs 1 to 38 inclusive, with the same force and effect as though set forth herein once again at length.

TENTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs of plaintiff's amended complaint numbered and designated as 40, 41, 42, 43, 44 and 45.

ELEVENTH: Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 46.

## ANSWERING A FOURTH CAUSE OF ACTION

TWELFTH:  In answer to paragraph 47, defendant repeats and reiterates each and every answer made to paragraphs 1 to 46 inclusive, with the same force and effect as though set forth herein once again at length.

THIRTEENTH: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph of plaintiff's amended complaint numbered and designated as 48.

FOURTEENTH:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 52, 53, 54, 55 and 56.

FIFTEENTH: Defendant denies each and every allegation contained in paragraphs of plaintiff's amended complaint numbered and designated as 49, 50 and 51, and respectfully refers all questions of law to this Honorable Court.

## ANSWERING A FIFTH CAUSE OF ACTION

SIXTEENTH:   In answer to paragraph 57, defendant repeats and reiterates each and every answer made to paragraphs 1 to 56 inclusive, with the same force and effect as though set forth herein once again at length.

SEVENTEENTH:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 58, 59 and 60.

## ANSWERING A SIXTH CAUSE OF ACTION

EIGHTEENTH: In answer to paragraph 61, defendant repeats and reiterates each and every answer made to paragraphs 1 to 60 inclusive, with the same force and effect as though set forth herein once again at length.

NINETEENTH:  Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph of plaintiff's amended complaint numbered and designated as 62 and 63.

TWENTIETH:   Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 64.

## ANSWERING A SEVENTH CAUSE OF ACTION

TWENTY-FIRST:  In answer to paragraph 65, defendant repeats and reiterates each and every answer made to paragraphs 1 to 64 inclusive, with the same force and effect as though set forth herein once again at length.

TWENTY-SECOND:  Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph of plaintiff's amended complaint numbered and designated as 66 and 67.

TWENTY-THIRD:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 68.

## ANSWERING AN EIGHTH CAUSE OF ACTION

TWENTY-FOURTH:  In answer to paragraph 69, defendant repeats and reiterates each and every answer made to paragraphs 1 to 68 inclusive, with the same force and effect as though set forth herein once again at length.

TWENTY-FIFTH:  Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph of plaintiff's amended complaint numbered and designated as 70 and 71.

TWENTY-SIXTH:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 72.

## ANSWERING A NINTH CAUSE OF ACTION

TWENTY-SEVENTH:  In answer to paragraph 73, defendant repeats and reiterates each and every answer made to paragraphs 1 to 73 inclusive, with the same force and effect as though set forth herein once again at length.

TWENTY-EIGHTH:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 75, 76, 77, 78, 79, 80, 81 and 82.

TWENTY-NINTH:  Defendant denies each and every allegation contained in paragraphs of plaintiff's amended complaint numbered and designated as 74, and respectfully refers all questions of law to this Honorable Court.

## ANSWERING A TENTH CAUSE OF ACTION

THIRTIETH: In answer to paragraph 83 defendant repeats and reiterates each and every answer made to paragraphs 1 to 82 inclusive, with the same force and effect as though set forth herein once again at length.

THIRTY-FIRST: Defendant denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph of plaintiff's amended complaint numbered and designated as 84, 85 and 89.

THIRTY-SECOND:  Defendant denies each and every allegation contained in paragraph of plaintiff's amended complaint numbered and designated as 86, 87, 88 and 90.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

THIRTY-THIRD:  That if the plaintiff sustained injuries as alleged in the Complaint, said injuries would have been brought about and caused in whole or in part by the plaintiff's own negligent and/or culpable conduct.

THIRTY-FOURTH:  That any damages to which plaintiff may become entitled should be diminished in the same proportion, as plaintiff's own negligent and/or culpable conduct bears to the total negligent and/or culpable conduct responsible for the injuries sustained.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

THIRTY-FIFTH:  If the answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore these answering defendant's liability shall be limited to their equitable share, pursuant to CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

THIRTY-SIXTH: Plaintiff failed to mitigate its damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

THIRTY-SEVENTH:  Plaintiff has failed to join a necessary party to this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

THIRTY-EIGHTH:  Plaintiff's action is barred by reason of said product being improperly altered and modified after it left defendant's hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

THIRTY-NINTH:  Plaintiff's action is barred by reason of the product being used in an improper and unauthorized fashion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

FOURTIETH:  Plaintiff's damages are the result of supervening and intervening caused not under the control or expectations of this answering defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

FORTY-FIRST:  At the time of the product's manufacture and sale, it was of a merchantable nature and fit for its intended use.

### AS AND FOR A CROSS CLAIM AGAINST CO-DEFENDANTS, SIEMENS INDUSTRY, INC., BUILDING TECNOLOGIES DIVISION, PIERPONT MECHANICAL CORP. and ADCO ELECTRICAL CORPORATION, THE ANSWERING DEFENDANT, STULZ AIR TECHNOLOGY SYSTEMS, INC., ALLEGES UPON INFORMATION AND BELIEF:

FORTY-SECOND:  That if the plaintiff was  caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Amended Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract and/or strict tort liability other than of the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligations, and/or Statute and/or warranty and/or contract in fact or implied in law, upon the part of the co-defendants of the pleading defendant, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law, and without any breaches or any negligence of the pleading defendant contributing thereto, and if the pleading defendant is  found negligent as to the plaintiff for injuries and damages as set forth in the plaintiff's Complaint, then and in that event, the relative responsibilities of all said defendant in

fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to the pleading defendant and bound to fully indemnify and hold the pleading defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the pleading defendant in this action, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action and in the conduct of this cross complaint.

**WHEREFORE**, Defendant, STULZ AIR TECHNOLOGY SYSTEMS, INC., demands judgment dismissing the plaintiff's Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
February 13, 2017

Yours etc.
CARTAFALSA, SLATTERY TURPIN & LENOFF

By: _____
ROBERT H. FISCHLER
Attorneys for Defendant(s)
STULZ AIR TECHNOLOGY SYSTEMS, INC.
165 Broadway - 28th Floor
New York, New York 10006
(212) 225-7700

TO:
MINTZER SAROWITZ ZERIS LEDVA & MEYERS
Attorneys for Plaintiff
39 Broadway, Suite 950
New York, NY  10006
(212) 968-8300

LITTLETON  JOYCE UGHETTA PARK & KELLP
Attorneys for Defendant
SIEMENS INDUSTRY, INC.
Four Manhattanville Road, Suite 202
Purchase, NY 10577
(914) 417-3400

LONDON FISCHER, LLP
Attorneys for Defendant
PIERPONT MECHANICAL CORP.
59 Maiden Lane
New York, NY 10038
(212) 972-1000

ADCO ELECTRICAL CORPORATION
201 Edward Curry Avenue, 3rd Floor
Staten Island, NY 10314

## VERIFICATION

ROBERT H. FISCHLER, an attorney duly licensed to practice law in the Courts of the State of New York, affirms the following under penalty of perjury:

That he is an associate of the firm of CARTAFALSA, SLATTERY, TURPIN & LENOFF Attorneys for defendant, STULZ AIR TECHNOLOGY SYSTEMS, INC. in this action; that he has read the foregoing VERIFIED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH CROSS-CLAIM  and knows the contents thereof, and that the same is true to the knowledge of affirmant except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true:

That the reason why this verification is made by affirmant and not by defendant is that the defendant is a domestic corporation, and none of its officers is now within the County of New York where affirmant has his office.

That the sources of affirmant's information and the grounds of his belief as to all the matters in said Answer alleged upon information and belief are reports from and communications had with the defendant.

DATED:     New York, New York
           February 13, 2017

_____
ROBERT H. FISCHLER