UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WELLS FARGO BANK, N.A.,

                      Plaintiff(s),

                -against-

STULZ AIR TECHNOLOGY SYSTEMS, INC.,
SIEMENS INDUSTRY, INC., BUILDING
TECHNOLOGIES DIVISION, PIERPONT
MECHANICAL CORP., and ADCO ELECTRICAL
CORPORATION,
                    Defendant(s).
-----------------------------------------------------------------X
STULZ AIR TECHNOLOGY SYSTEMS, INC.,

                    Third-Party Plaintiff,

     -against-

CANCOIL THERMAL CORPORATION,

                    Third-Party Defendant,
-----------------------------------------------------------------X
CANCOIL THERMAL CORPORATION,

                    Fourth-Party Plaintiff,
     -against-

LUVATA MONTERRY S. de R.I. de C.V.,
LUVATA FABRICATION NORTH AMERICA, INC.,
and LUVATA FRANKLIN, INC.,

                    Second Third-Party Defendants.
-----------------------------------------------------------------X
PIERPONT MECHANICAL CORP.,

                    Fifth-Party Plaintiff,

      -against-

JONES LANG LASALLE OF NEW YORK, LLC.

                    Fifth-Party Defendants
-----------------------------------------------------------------X

**ANSWER TO**
**FIFTH-PARTY**
**COMPLAINT**

CIV.16-CV-09268

Fifth-Party Defendant, JONES LANG LaSALLE AMERICAS, INC. i/s/h/a JONES LANG LASALLE OF NEW YORK, LLC., by its attorneys AHMUTY, DEMERS & McMANUS, ESQS., as and for its answer to the Fifth-Party Plaintiff's Complaint alleges upon information and belief as follows:

## NATURE OF ACTION

1:  Denies each and every allegation contained in paragraphs designated "1" of the Fifth-Party Complaint.

## THE PARTIES AND JURISDICTION

2:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

3:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "3" of the Fifth-Party Complaint but admits that fifth-party defendant, JLL, is a foreign limited liability company formed pursuant to the laws of the State of Delaware.

4:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "4" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

5:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "5" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

6: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "6" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

7: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "7" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

8: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "8" of the Fifth-Party Complaint and respectfully refers the Court to plaintiff's Complaint.

9: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Fifth-Party Complaint.

10: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the Fifth-Party Complaint.

11: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11" of the Fifth-Party Complaint and respectfully refers all questions of law to the Honorable Court.

12: Denies each and every allegation contained in paragraphs designated "12" of the Fifth-Party Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

13: Defendants, JONES LANG LaSALLE AMERICAS, INC., i/s/h/a JONES LANG LASALLE OF NEW YORK, LLC, repeats, reiterates and realleges

each and every denial in answer to paragraphs "1" through "12" as if more specifically set forth in answer to paragraph designated "13" of the Fifth-Party Complaint and each and every part thereof.

14: Denies each and every allegation contained in paragraph designated "14" of the Fifth-Party Complaint.

15. Denies each and every allegation contained in paragraph designated "15" of the Fifth-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering Fifth-Party Defendant and the answering Fifth-Party Defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. It is specifically pled that the fifth-party plaintiff PIERPONT MECHANICAL CORP., herein failed to mitigate damages as alleged in the Fifth-Party Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. That the personal injuries alleged in the Fifth-Party Complaint were caused by the negligence of third parties over which the answering Fifth-Party Defendants had no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.    That the Fifth-Party Complaint fails to state a valid cause of action as against the Fifth-Party Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20:    Pursuant to CPLR 1603, this answering Fifth-Party Defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A CROSS CLAIM FOR COMMON LAW INDEMNFICATION AGAINST THE CO-DEFENDANTS, STULZ AIR TECHNOLOGY SYSTEMS, INC. SIEMENS INDUSTRY INC., BUILDING TECHNOLOGIES DIVISION, PIERPONT MECHANICAL CORP., ADCO ELECTRICAL CORPORATION, CANCOIL THERMAL CORPORATION, LUVATA MONTERRY S. de R.I. de C.V, LUVATA FABRICATION NORTH AMERICA, INC. and LUVATA FRANKLIN, INC. THE FIFTH-PARTY DEFENDANT, JONES LANG LaSALLE AMERICAS, INC., i/s/h/a JONES LANG LASALLE OF NEW YORK, LLC ALEGES UPON INFORMATION AND BELIEF:

21.    That although this answering fifth-party defendant has denied the allegations of plaintiff with respect to any culpable conduct by reason of carelessness, recklessness, acts, omissions, negligence and/or breaches of contract and/or duty and/or obligation and/or statute and/or warrant and/or strict liability and/or nuisance and/or trespass on the part of this answering fifth-party defendant , nevertheless, in the event there is a judgment in favor of plaintiff against this answering fifth-party defendant, then and in that event said answering fifth-party defendant demands judgment over and against co-defendants by reason of the carelessness, recklessness, acts, omission, negligence and/or breaches of contract and/or duty and/or obligation and/or

statue and/or warranty and/or strict liability and/or nuisance and/or trespass of co-defendants being primary and/or active while the culpable conduct of this answering fifth-party defendant , if any, was secondary and/or passive and/or derivative only, and said co-defendants herein will be liable over jointly and severally to this answering fifth-party defendant and to fully indemnify and hold this answering fifth-party defendant harmless for the full amount of any judgment herein recovered against this answering fifth-party defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross-claim.

**AS AND FOR A CROSS CLAIM FOR COMMON LAW INDEMNIFICATION AGAINST THE CO-DEFENDANTS, STULZ AIR TECHNOLOGY SYSTEMS, INC. SIEMENS INDUSTRY INC., BUILDING TECHNOLOGY DIVISION, PIERPONT MECHANICAL CORP., ADCO ELECTRICAL CORPORATION, CANCOIL THERMAL CORPORATION, LUVATA MONTERRY S. de R.I. de C.V, LUVATA FABRICATION NORTH AMERICA, INC. and LUVATA FRANKLIN, INC. THIS FIFTH-PARTY DEFENDANT, JONES LANG LaSALLE AMERICAS, INC., i/s/h/a JONES LANG LASALLE OF NEW YORK, LLC ALLEGES UPON INFORMATION AND BELIEF:**

22.    That if the plaintiff was caused to sustain personal injuries and/or damages at the time and place set forth in the complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligence acts of omission or commission of co-defendants, its agents, servants and/or employees.

23.    Further, if plaintiff should recover judgment against this answering fifth-party defendant, the codefendants shall be liable to these fifth-party defendant on the basis of apportionment of responsibility for the alleged occurrence and the fifth-party defendant is entitled to contribution from and judgment over and against the co-defendants for all or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

24.    The fifth-party defendant demands judgment dismissing the Complaint herein as to the answering fifth-party defendant, and further demands judgment over and against co-defendants for the amount of any judgment which may be obtained herein by plaintiff against the answering fifth-party defendant or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

**WHEREFORE**, the Fifth-Party Defendant, JONES LANG LaSALLE AMERICAS, INC. i/s/h/a JONES LANG LASALLE OF NEW YORK, LLC., demands judgment dismissing the Fifth-Party Complaint on the merits; and if the plaintiff, WELLS FARGO BANK, N.A., is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident or damages and further demands judgment over and against the co-defendants, **STULZ AIR TECHNOLOGY SYSTEMS, INC., SIEMENS INDUSTRY, INC., BUILDING TECHNOLOGY DIVISION, PIERPONT MECHANICAL, CORP., ADCO ELECTRICAL CORPORATION, CANCOIL THERMAL CORPORATION, LUVATA MONTERREY S. de R.I. de C.V, LUVATA FABRICATION NORTH**

**AMERICA, INC. and LUVATA FRANKLIN, INC.,** on the cross claims, for the amount of any judgment obtained against the answering Fifth-Party Defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

Dated: New York, New York
       August 28, 2017

_____
Cindy Varrecchia, Esq. – (3161)
AHMUTY, DEMERS & MCMANUS
Attorneys for Fifth-Party Defendant
JONES LANG LaSALLE AMERICAS, INC.
i/s/h/a JONES LANG LASALLE OF NEW
YORK, LLC.
199 Water Street – 16th Floor
New York, New York 10038
(212) 513-7788
File No.: AIN 0716N17CV